WALTER M. ELSWICK; Judge.
Charles Lively, the claimant, by acts of the Legislature first extraordinary session 1933, the regular sessions 1935, 1937 and 1939 was intrusted by said sessions of the Legislature to edit, compile and publish the “West Virginia Blue Book” formerly known as the “West Virginia Legislative Hand Book and Manual and Official Register” for the years 1934, 1935, 1936, 1937,1938,1939 and 1940, under the same provisions as to distribution as were adopted in the legislative sessions of 1921, *103 including all expenses incurred in the employment of contributors, preparation of matter, clerical hire, stenographic services and proofreading. While editing, compiling and publishing the said blue book for said years the said Charles Lively was put to personal expense in providing for cuts, engraving, halftone illustration, and circular matter for which he billed and filed requisitions with the state auditor for payment. The state auditor refused payment for these expenses. It appears from the evidence and records presented to the court that the state has not, during the years that the claimant edited the blue book, paid for any such expenses. However, it does appear that the state paid the former editors for such expenses including photographs used in the publishing of said blue book from the year 1921 to and including the year 1933, the acts being so interpreted by the editors and auditor as to include such expense for the editions published prior to 1934. The wording of the legislative appropriation acts from the year 1921 to and including the year 1933 was of the same subject and nature used in the appropriation acts for the said years during which the claimant edited the blue book.
. The appropriation act passed at the 1941 session of the legislature also contained the same provisions for printing the blue book for the years 1941 and 1942 by reference to the first act of 1921. It also appears from the evidence that from the present interpretation of said current act of 1941 the auditor is of the opinion that said appropriation included the costs of such cuts, engraving, half-tones and circular matter, and that he has approved a requisition by the present editor of the blue book, the successor to the claimant, Charles Lively. Such expenses for editing and publishing the 1941 edition of the blue book as provided for in the 1941 session of the Legislature were included in the printer’s bill, the same not having been billed directly to the editor.
It further appears from the evidence that during the time the claimant was editor of the blue book such cuts, engraving and half-tones were prepared by the Charleston Engraving *104 Company and billed directly to Mr. Lively, the claimant, and he, the editor, delivered same to the printer. Prior to the time that the claimant, Lively, became the editor of the blue book the procedure had been for such cuts to be delivered to the printer and to be billed to the auditor by the printing company, and that was the procedure which the claimant undertook to follow, but the auditor refused to approve any billing or requisition including such expense for engraving, cuts, half-tones or circular matter.
When the claim came on for hearing the chief clerk in the auditor’s office, as will appear from the evidence, made a search of the auditor’s office to ascertain whether or not any part of this claim had been paid by the state to any printer by such expenses having been included in the printer’s bill and it appeared after such search being made 'that no part of the claim as presented has been paid by the state of West Virginia. The claimant in presenting his claim had credited the state with $119.46 for the value of cuts the printer had purchased for the 1941 edition which amount was included in the printer’s bill for the year 1941 and the claimant also has turned over to the present editor, Hon. A. Hale Watkins, a master plate for the state seal, and a plate for the state flag, including all copper ■ plates or whatever cuts he now has that were included within the particular items set. forth in his claim herein for the use and benefit of the state in future publication of said blue book.
It also appears from a letter addressed to the court of claims under date of November 13, 1941, signed by the state auditor, enclosing the bills submitted by the claimant, aggregating a net amount of $3,041.33, that the auditor admits that he refused to allow reimbursements to the claimant for such expenditures when he first came into office as auditor, under a misapprehension of the law, and continued such course during all the time that Mr. Lively, the claimant, performed this work. The auditor, however, states in this letter that:
“In the light of what I have learned about the law and accounting generally of the state, I am inclined to *105 believe that I perhaps erred in. denying Mr. Lively reimbursements for these claims.
“I refer this matter to you for recommendation and your decision as to whether the Legislature should approve a sum to pay this claim at the next session of the Legislature.”
It further appears from the evidence and the acts examined that the appropriations heretofore made had lapsed and reverted for all the previous years so as to prevent any payment on such requisitions by the auditor at this time.
The general appropriations act of 1921, chapter 1, section 73-a mentioned and referred to in all of said acts, specifically refers to Senate concurrent resolution No. 7, when making appropriations for the printing of the hand book for the years 1922 and 1923. Herein specified amounts are included in the appropriation for each of said years, but the intent of the Legislature seems to be clear by reference to Senate concurrent resolution No. 7 that the costs of printing and binding the hand book, including any maps, engraving and half-tone illustrations therein and circular matter necessary in connection with the work of preparing and distributing the book shall be paid out of the appropriation for printing, binding and stationery and not out of the specified funds set aside to the editor for editing, compiling and publishing the hand book. Said Senate concurrent resolution No. 7, adopted April 21, 1921 provides:
“The cost of printing and binding the hand book, including any maps and half-tone illustrations used therein, and circular matter necessary in connection with the work of preparing and distributing the book, shall be paid out of the appropriations for printing, binding and stationery.”
It further appears from the evidence that the claimant, Lively, has not included in his claim an expense of from $400.00 to $500.00 which he has incurred in the use of photo *106 graphs in editing the blue book during his years of service, while a former editor charged and received payment for the expense of photographs from the appropriation of legislative printing.
The construction given the series of acts of the Legislature following the year 1921 up to and including the year 1933 as well as the interpretation placed upon the 1941 act, all passed making reference to the 1921 act, which embodied Senate concurrent resolution No. 7, should have great weight in the decision of this case as would appear from the decision of our Supreme Court in the following cases: State ex rel. Brandon v. Board of Control, 100 S. E. 215, 84 W. Va. 417; Mortgage Company of Maryland v. Lory, 160 S. E. 1, 110 W. Va. 520, and cases cited.
In view of the evidence and the wording of all of said ¡acts of the Legislature we are of the opinion that the claim is one based on simple justice and right, and is such claim that the state of West Virginia should pay. From the proof submitted the claim of three thousand forty-one dollars and thirty-three cents ($3,041.33) has been personally paid by the claimant which was an expense intended to be covered by former appropriations, for which said sum an award for reimbursement is made by order duly entered.