# CHARLESTON.

STATE AT THE RELATION OF C. W. BRANDON V. THE BOARD OF
CONTROL

Submitted September 3, 1919.   Decided September 9, 1919.

1. FISH—*Game—Woods   and   Forests—Appointment—Constitutional*
   *Provisions.*

   . The act creating the office of Forest, Game and Fish Warden
   being silent as to the manner of filling the same after the mak-
   ing of the initial appointment thereto, all future appointments to
   fill said office must be made in accordance with the provisions of
   section eight of Article 7 of the Constitution, that is, by the
   Governor, with the advice and consent of the senate.   (p. 417).

2. STATUTES—*Contemporaneous Construction by Executive Officers.*
   Where a statute is of doubtful meaning the contemporaneous
   construction placed thereon by the officers of government charged
   with its execution is entitled to great weight, and will not be
   disregarded or overthrown unless it is clear that such construc-
   tion is erroneous.   (p. 419).

Original mandamus by the State on the relation of C.
W. Brandon, against the Board of Control, etc.

*Writ Refused.*

*Wm. T. George,* for relator.
*E. T. England,* Attorney General, for respondent.

RITZ, JUDGE:

The relator seeks by this proceeding to compel the respond-
ent to approve his accounts as Forest, Game and Fish
Warden in order that he may secure the payment of the
same out of the public fund provided for the maintenance
of that office.

It appears that the relator was appointed to the office
of Forest, Game and Fish Warden by the Governor on the
20th of February, 1918; that he immediately entered upon
the duties of said office, and performed the same until
the month of May, 1919, when Clare W. Harding was ap-
pointed by the Governor to fill said office.   Relator's term

of office, as provided by the statute, was for four years, and he, contending that his term had not expired, and the Board of Control refusing to approve his accounts for expenses incurred by him and for his salary after the issuance of a commission to Harding, brought this writ seeking to compel the respondent to approve said accounts in order that the same might be paid.   The respondent, by its return to the writ, challenges the right of the relator to hold the office for the reason that his appointment thereto was by the Governor submitted to the Senate at the regular 1919 session, and by that body rejected, and the Governor being of opinion that this left the office vacant thereupon appointed said Harding and commissioned him thereto.   The relator's contention is that his appointment is not required to be confirmed by the senate, and that the action of the Governor in submitting the same to the senate for confirmation was without authority of law, and that the rejection of the same by the senate had no force or effect.   On the other hand, the respondent contends that under the law it was incumbent upon the Governor to submit this appointment to the senate for its action, and of course if this contention is correct the refusal of the senate to confirm the same left the office vacant, and the appointment of Harding thereto was clearly authorized by law.   The solution of this question depends upon the construction of the act of the Legislature creating the office of Forest, Game and Fish Warden, as well as upon the construction of §8 of Art 7 of the Constitution.   Section 8 to Art. 7 of the Constitution provides as follows:   ''The Governor shall nominate, and by and with the advice and consent of the Senate, (a majority of all the Senators elected concurring by yeas and nays) appoint all officers whose offices are established by this Constitution, or shall be created by law, and whose appointment or election is not otherwise provided for; and no such officers shall be appointed or elected by the Legislature.''   The Act creating the office of Forest, Game and Fish Warden, §1, ch. 62 of the Code, so far as the same is pertinent to the matter of the appointment of that officer provides:   ''The governor shall between the first day of June

and the first day of July, one thousand nine hundred and nine, appoint some person, a citizen of this state, whose term of office shall begin on the first day of July, one thousand nine hundred and nine, to the office of forest, game and fish warden. Said warden shall hold his office for four years and until his successor has been appointed and qualified, unless sooner removed for cause by the governor.'' It will be observed that section 8 of Art. 7 of the Constitution provides that the officers created by that instrument shall be appointed by the Governor, with the advice and consent of the senate, and further that all appointments to fill offices created by law, subsequent to the enactment of the Constitution, shall be filled by appointment by the Governor, with the advice and consent of the Senate, unless other provision is made therefor. The contention of the relator is that as to the office of Forest, Game and Fish Warden the Legislature has made provision for the appointment of this officer by the Governor alone, without requiring the concurrence of the Senate therein, while it is contended by the respondent that the act creating the office does not make any such provision. It will be observed by so much of said act as is above quoted that it provides for the appointment of a Forest, Game and Fish Warden at a certain time for the term of four years. The act does not even create the office by express terms, but by necessary implication it may be said that the office is permanently created. However, neither by implication nor by express terms is there provision made for the appointment of such officer by any person or tribunal, except as to the individual who shall be appointed thereto in the first instance. As to how his successor shall be appointed, or as to how the office shall be filled after the expiration of that four years, the act is entirely silent. This being the case, we must look to the constitutional provision for authority to fill the same, and when we do this we find that the same shall be filled by appointment by the Governor, by and with the advice and consent of the senate. We are, therefore, of the opinion that under the act, as it now stands, it was necessary to the validity of this appointment that the same be submitted to the senate for

its action thereon, and that the refusal of the senate to confirm the relator's appointment to the office determines his title thereto. Under the constitutional provision the Governor could not re-appoint him thereto by a recess appointment, but must appoint another person to the office. This construction is in keeping with the uniform interpretation of the act by the legislative and executive departments of the government ever since the office was created, as averred by the respondent in its return, and in all cases where a statute is of doubtful meaning the contemporaneous construction placed thereon by the officers of government charged with its execution is entitled to great weight, and will not be disregarded or overthrown except for strong reasons, or unless it is clear that such construction is erroneous. *United States v. Johnson,* 124 U. S. 236.

The relator, however, contends that even though he is not the Forest, Game and Fish Warden *de jure,* he is so *de facto.* He avers in his petition that he is performing the duties of the office, that he has possession of the seal, and of the books and records of the same. The return alleges that Harding is now and has been since his appointment performing the duties of the office, but does not say anything about the possession of the seal and other insignia of office. This return was demurred to without other reply, so that it may be said from the state of the pleadings here that the relator has possession of the insignia of office, but it is not quite clear as to who is performing the duties thereof. It seems that the weight of authority is that a *de facto* officer cannot ordinarily maintain a suit to recover the salary belonging to the office which he is filling. Usually the salary belong to him who has the title. 22 R. C. L., p. 599; Constantineau on the De Facto Doctrine, sec. 219. But we are not called upon to decide this question inasmuch as it does not appear who has been exercising the duties of the office since the appointment of Harding, and in the absence of a clear and unequivocal showing in this respect, it will not be presumed that the same are being performed by one other than the person who is entitled by right to perform the same.

It follows from what we have said that the writ of mandamus prayed for will be refused.

*Writ refused.*