CHARLES W. ROBERTSON *v.* CHARLES VANDERGRIFT *et al.*

(No. 8575)

Submitted September 8, 1937. Decided September 21, 1937.

220

*Rollo J. Conley,* for appellant.
*Showalter & Boggess,* for appellees.

HATCHER, JUDGE:

C. W. Robertson and Charles Vandergrift have adjoining farms which were formerly owned by one person. While so owned, the predecessor in title of the Monongahela Railway Company acquired a strip of land for a right of way which extends through both farms. The strip has never been used for railroad purposes. Robertson leases from the railway company the right of way on his farm and Vandergrift has a similar lease for the right of way on his farm. The latter lies between Robertson's farm and the public road. Robertson and his predecessor in title and the public generally have for many years used a roadway through the Vandergrift farm to the public road. This roadway is seemingly on the railroad's property. Recently, Vandergrift obstructed the roadway where it entered the Robertson farm and this suit was brought by Robertson against Vandergrift to enjoin the maintenance of the obstruction. Robertson's bill alleged that the roadway through Vandergrift's farm was located "for the most part below" the railroad's property and that he was entitled to use the roadway because (a) of necessity, (b) because it was a public road, and (c) because he had acquired a prescriptive right over it. Vandergrift answered, alleging among other things that a portion of the roadway was on the property of the rail-

way company and that it should be made a party. The court ordered this to be done. The railway company filed an answer denying that the roadway or any part thereof was on its property and praying to be dismissed. Proof was taken; upon which the railway company was dismissed from the suit as not a proper party, and Vandergrift was enjoined from obstructing the roadway through his farm. The railway company appealed.

No relief was sought against the railway company by either Robertson or Vandergrift, and the decree itself granted none. However, the circuit court wrote an opinion and made it part of the record. The opinion expressed the view that Robertson had acquired as against Vandergrift, only, a prescriptive right to use the roadway. The opinion excluded the railroad company from consideration, but the company is apprehensive of the opinion's indirect effect on its title. Since our reports disclose no opinional ruling in such case the apprehension is not unnatural.

The words "decision" and "opinion" are sometimes confounded, though they are differently defined. "A decision of the court is its judgment; the opinion is the reasons given for that judgment." *Houston* v. *Williams*, 13 Cal. 24. An opinion of a circuit court is not a part of the record, unless made so by court order. When this is done, the opinion operates merely "to point out the specific ground on which the trial court acted." *Woodruff* v. *Gilliam*, 116 W. Va. 101, 109, 179 S. E. 873, 876. The opinion itself does not become a "finding" of the court, nor a part of the judgment rendered, nor the subject of appeal. *Gaskell* v. *Nolte*, 123 N. Y. S. 442. If the decision is correct, it is not affected by the reasons prompting it, even though they are unsubstantial. *Hogg* v. *Plant*, 145 Va. 175, 182, 133 S. E. 759, 47 A. L. R. 308; *Rosehill* v. *Chicago* (Ill.), 87 A. L. R. 742, 758. Hence error cannot be assigned to an opinion alone. *Seltzer* v. *Boyer* (Pa.), 73 Atl. 438; *Schorb* v. *Haurand* (N. J.), 71 Atl. 242. A circuit court is to be commended for filing an opinion. *Stover* v. *Stover*, 60 W. Va. 285, 294, 54 S. E. 350. But an appellate court's interest in the opinion is

inquisitive only; the essential appellate concern is the decision. 3 Am. Jur., subject Appeal and Error, section 825.

Consequently, we hold that the relief granted Robertson against Vandergrift is personal, only; and that the written opinion of the circuit court has no effect whatever on the title of the railway company to the right of way.

The decree is affirmed.

*Affirmed.*