STATE *ex rel.* ETHEL LOVE T. AIKENS

*v.*

C. S. DAVIS, DIRECTOR OF UNEMPLOYMENT COMPENSATION

(No. 9993)

Submitted October 7, 1947. Decided November 25, 1947.

*Martin & Seibert,* for relator.

*Ira J. Partlow,* Attorney General, and *Leo Loeb,* for respondent.

KENNA, JUDGE:

This original proceeding in mandamus was brought by the State of West Virginia at the relation of Ethel Love T. Aikens against C. S. Davis, Director of Unemployment Compensation, for the purpose of requiring the payment of the claim of relator and of two hundred and sixteen others similarly situated for unemployment benefits incurred at the plant of The C. H. Musselman Company in Berkeley County near Martinsburg in the fall of 1944. It is agreed that the decision in this proceeding will control the disposition of the others.

The claimants were seasonal employees at an apple processing plant the permanent factory force of which consisted of about eighty persons. Immediately preceding and during the apple harvest and for a short time thereafter that force was increased to approximately eight hundred. The claimants were employed and afterward "laid off" during the harvest of 1944. Claims were duly filed and were rejected upon hearing by the deputy director, as they were upon appeal under Section 7, Article 7 of Chapter 134 of the Acts of 1939 [W. Va. Code (Michie, 1943) Chap. 21A, Art. 7, Sec. 7] to a trial examiner. Upon appeal to it the Board of Review reversed the finding of the trial examiner and awarded benefits to each applicant. The director of unemployment compensation then applied to the Circuit Court of Kanawha County and there procured an appeal, upon consideration of which that court held that since Section 11, Article 7 of Chapter 130, Acts of 1945 [W. Va. Code (Michie, Supplement, 1945) Chap. 21A, Art. 7, Sec. 11] contains no provision granting to the director the right to appeal and he not being a person whose interests were involved, it lacked jurisdiction. The appeal was therefore dismissed. This Court denied an application for an appeal and this proceeding in mandamus followed. On reapplication an appeal from the finding of the Circuit Court of Kanawha County has now been granted.

Upon the submission of this matter counsel for the director of unemployment compensation ably presented

and briefed, as did counsel for the relator, the question of the jurisdiction of the Circuit Court of Kanawha County, as well as questions reaching the merits of the claims involved. Mandamus being a proceeding which cannot be used in lieu of appeal and, since the only question with which we are here concerned is whether the director of unemployment compensation at this time is legally obligated to pay to these claimants the amount awarded to each by the Unemployment Compensation Board of Review, we do not consider that in this proceeding questions which involve the merits of the claims and could have been involved in the proceeding in the Circuit Court of Kanawha County are germane to the decision of this case. The claimant's position is that, under Code, 21A-7-11, an appeal to this Court, if and when granted, could not affect nor suspend the board's decision concerning the payment of compensation, and that since the director of unemployment compensation has declined to comply with the board's order, mandamus lies.

The relator relies entirely upon the provisions of Code, 21A-7-11. It reads as follows:

> "If an appeal is filed, benefits for the period prior to final determination of the board shall be paid only after such determination. If benefits are allowed by the decision of the board on appeal from the decision of the appeal tribunal the benefits shall be paid whether such decision reverses or affirms the decision of the appeal tribunal and regardless of any further appeal: Provided, That such decision does not relate to a disqualification under subsection (4) of section four [§ 2366(78)] of article six; but if the decision of the board is reversed on appeal an employer's account shall not be charged with the benefits so paid."

It is not necessary to comment at length concerning the purpose of that section. Benefits to the unemployed are certainly in relief of an emergency. Relief of an emergency beyond doubt requires prompt action. After a claim is considered by a deputy director, then by a trial

examiner, and is then appealed to the board of review, all of which lie as a matter of right to an employer who may desire delay only, certainly an emergency would have spent its force if payments were held up during a possible appeal to this Court. We believe the plain legislative purpose was to prevent that contingency from arising and, in so far as it could, to see that prompt relief would be forthcoming.

However, the director of unemployment compensation attacks the validity of the section in question as violating the due process clause and consequently as being confiscatory. The finding of the board of review is not attacked as being arbitrary, capricious or fraudulent in any of the claims now before this Court. In so far as the provisions of Section 11 being confiscatory is concerned, we are of the opinion that the question is fully answered by the reasoning of the Court in the case of *Abelleira* v. *District Court,* 17 Cal. (2d) 295, 109 P. (2d) 942, 132 A. L. R. 715, which is quoted at length in the opinion of the Circuit Court of Kanawha County. That case has since been modified and it is not cited as authority save to the extent that we regard sound reasoning as controlling.

The respondent contends that Section 17, Article 7, Chapter 76 of the Acts of 1943 [W. Va. Code (Michie, 1943) Chap. 21A, Art. 7, Sec. 17], and not Section 11 of the same article, is the provision which should control the payment of compensation in the case at bar. Section 17 follows:

> "The decision of the board shall be final and benefits shall be paid or denied in accordance therewith, unless a claimant, last employer or any base period employer of a claimant, or other interested party appeals to a court within twenty days after mailing of notification of the board's decision."

It will be noted that Section 17 speaks of "a court," using the generic article "a," while Section 22 of Article 7,

Chapter 76, Acts of 1943 [W. Va. Code (Michie, 1943) Chap. 21A, Art. 7, Sec. 22], in providing judicial review specifically names the Circuit Court of Kanawha County and its terms are restricted to that one court. Of course the two sections are to be construed, in case of doubt, as not being in conflict. That being so it is entirely clear that Section 22 controls the question of appellate review and confines that procedure to the Circuit Court of Kanawha County, and that under its terms Section 11 is not robbed of meaning. Section 22 is as follows:

"Within twenty days after a decision of the board has become final, any party aggrieved may secure judicial review of the decision by commencing an action against the board in the circuit court of Kanawha County. Parties to the proceedings before the board shall be made defendants. The director shall be a necessary party to such judicial review."

It is quite clear that if Section 17 refers to more than one court, it does not deal with judicial review nor use the word "appeal" in the sense of judicial review, because "appeal" in that sense is completely provided by Section 22 and is expressly confined to one court. Both Section 11 and Section 22 clearly contemplate judicial review and, that being so, Section 17 must be construed, if possible, so that its terms do not conflict with those of the other two sections. It would seem that the only way in which the language of that section can be made to harmonize with that of Section 22 is to hold that the purpose of Section 17 is to suspend the payment of unemployment benefits when an "interested party appeals to a court" against a void, because arbitrary, capricious, or fraudulent, finding of the board of review. A proceeding of that kind is not appellate, but is a direct attack upon a void finding of the board. We are not confronted with that situation here. We are therefore of the opinion that the pending application for an appeal from the decision of the board of review is not subject to the provisions of Code, 21A-7-17, but is controlled by Sections 22 and 11 of the same article.

It will be seen that conformity to the foregoing views renders ungermane to the question for decision in this mandamus proceeding the effect of Chapter 130 of the Acts of 1945 upon the claim of the relator. The question of whether the effect of that act is retroactive, whether holding it to be retroactive would disturb a vested right of relator or affect only a conditional right, whether the premiums paid into the fund by The Musselman Company on account of the relator for the period in question would be confiscated by holding the Act of 1945 to be retroactive, whether the title of that act is sufficient—these and other like questions we believe, after a decision by the board of review, can be considered by this Court on appeal from the order of the board through the Circuit Court of Kanawha County, and then only as they may affect the employer's payments into the fund and the board of review's future decisions as to arbitrariness, caprice or fraud. We are of the opinion that such questions cannot have the effect of obstructing the application of the plain terms of Section 11 and are therefore not to be considered in a mandamus proceeding that involves only their enforcement. The peremptory writ will issue.

*Writ awarded.*