CLYDE W. WILSON, *et al.*

*v.*

M. H. HIX, *Clerk, etc., et al.*

(No. 10293)

Submitted April 25, 1951. Decided June 12, 1951.

Fox, JUDGE, dissents.

GIVEN, JUDGE, concurs.

*Perry S. Poffenbarger, James G. Jeter, Jr.,* for petitioners.

*Franklin W. Kern, Leo Loeb, Dayton, Campbell & Love, Charles M. Love,* and *Thomas W. Moses,* for respondents.

RILEY, JUDGE:

Clyde W. Wilson, an employee of Edwin M. Knowles China Company, a corporation, and certain other employees similarly situated, are here on certiorari to the Circuit Court of Kanawha County, seeking a reversal of an order of the circuit court, entered on the 7th day of January, 1950, in which it refused to grant "an appeal and judicial review of the action of the Board of Review" as prayed for.

The claims grow out of a cessation of work due to an unauthorized strike of a number of employees of the china company, who are not claimants here, and, because of the highly integrated nature of the industry in which claimants were employed, though they did not participate in the strike, they were thrown out of work by reason of the strike.

Prior to the action of the circuit court the matter in controversy had passed through the several hearings and appeals provided by statute, beginning with the field dep-

uty, who denied the right of claimants to unemployment compensation benefits. The appeal tribunal, consisting of a trial examiner, which took evidence, and the board of review, in the order named, upheld the finding of the field deputy.

On September 9, 1949, the board of review addressed a letter of transmittal of its decision to claimants and their employer, in which it stated: "This decision is final, unless a claimant or interested party appeals to the circuit court of Kanawha county within thirty days after mailing or notification of the Board's decision." Beneath the signature of the board of review by E. A. Hansbarger, Chairman, appears the following notation: "IMPORTANT. Your thirty days allowed for appeal by the West Virginia law will expire on October 9, 1949, cc: Mr. E. C. Armstrong, President of Local 124 National Brotherhood of Operative Potters, Newell, W. V.a. Mr. James M. Duffy, President National Brotherhood of Operative Potters, East Liverpool, Ohio."

The employer, Edwin M. Knowles China Company, raises for the first time in this Court the question of the jurisdiction of the Circuit Court of Kanawha County to consider the case, on the ground that an application for a review of the decision of the board was not made to the circuit court within twenty days after the decision of the board had become final, as required by Section 22, Article 7, Acts of the Legislature, 1943, Chapter 76.

On the other hand counsel for claimants say that the appeal to the Circuit Court of Kanawha County was timely made under Section 17, Article 7, Acts of the Legislature, 1949, Chapter 135, which is headed "Finality of Board's Decision." Prior to the last-mentioned enactment, the Unemployment Compensation Act (now Employment Security) provided that appeals to a court should be made "within twenty days" after mailing of notification of the board's decision.

The primary question arising in this proceeding is what is the effect of Section 17 providing for the finality of

the board's decision after mailing of the notification, unless "a claimant * * * appeals to a court within thirty days after mailing of notification of the board's decision", read in connection with Section 22?

A secondary question arising herein is whether the filing of an appeal by a claimant, last employer, or other interested party from the decision of the board of review within thirty days after mailing of the notification of the board's decision under Section 17, Article 7, Chapter 135, Acts of the Legislature, 1949, will serve to prevent the operation of the provision of Section 11, Article 7, Chapter 130, Acts of the Legislature, 1945, which reads: "* * * If benefits are allowed by the decision of the board on appeal from the decision of the appeal tribunal the benefits shall be paid whether such decision reverses or affirms the decision of the appeal tribunal and regardless of any further appeal: * * *."

In the consideration of the question of jurisdiction now before us, we deem it advisable to reappraise the provisions of Section 11, Article 7, Chapter 130, Acts of the Legislature, 1945, dealing with "Benefits pending appeal"; Section 17, Article 7, Chapter 135, Acts of the Legislature, 1949, dealing with "Finality of Board's Decision"; and Section 22, Article 7, Chapter 76, Acts of the Legislature, 1943, dealing with "Judicial Review", in connection with the holding of this Court in the case of *State ex rel. Aikens* v. *Davis, Director, etc.*, 131 W. Va. 40, 45 S. E. 2d 486. Section 11 reads: "Benefits pending appeal.—If an appeal is filed, benefits for the period prior to final determination of the board shall be paid only after such determination. If benefits are allowed by the decision of the board on appeal from the decision of the appeal tribunal the benefits shall be paid whether such decision reverses or affirms the decision of the appeal tribunal and regardless of any further appeal: *Provided,* That such decision does not relate to a disqualification under subsection (4) of section four of article six; but if the decision of the board is reversed on appeal an employer's account shall not be charged with the benefits so paid." Section 17 reads:

"Finality of Board's Decision.—The decision of the board shall be final and benefits shall be paid or denied in accordance therewith, unless a claimant, last employer, or other interested party appeals to a court within thirty days after mailing of notification of the board's decision." At the time the *Aikens* case was decided Section 17, contained in Article 7, Chapter 76, Acts of the Legislature, 1943, read: "Finality of Board's Decision.—The decision. of the board shall be final and benefits shall be paid or denied in accordance therewith, unless a claimant, last. employer or any base period employer of a claimant, or other interested party appeals to a court within twenty days after mailing of notification of the board's decision." Section 22, also contained in Chapter 76, Acts of the Legislature, 1943, reads:  "Judicial Review.—Within twenty days after a decision of the board has become final, any party aggrieved may secure judicial review of the decision by commencing an action against the board in the circuit court of Kanawha county.  Parties to the proceedings before the board shall be made defendants.  The director shall be a necessary party to such judicial review."

The fact that the instant claims arose in 1948 and 1949, and prior to the enactment of Section 17, Article 7, Chapter 135, Acts of the Legislature, 1949, changing the time period of twenty days in the 1943 statute to thirty days. in the present statute is of no moment.  We say this because the amendment did not change or serve to divest. any vested rights which claimants had.  The amendment concerned only the matter of procedure, and by enlarging the period for an appeal to "a court" from the twenty-day period, contained in the 1943 Act, under appraisement in the *Aikens* case, to the thirty-day period contained in the 1949 amendment, the enactment was more favorable to claimants than the original statute, and, of: course, could not serve to divest them of any vested right, contractual or otherwise.  Moreover, the appeal to the board of review, as well as the application to the circuit. court and the hearing before the board, was had after the effective date of the 1949 Act.

In *Lester* v. *State Compensation Commissioner*, 123 W. Va. 516, 16 S. E. 2d 920, which involved legislation, which affected claimant's vested right in accrued compensation, this Court said, perhaps by the way of *dictum*, that legislation which is classed as remedial, or affects procedure only " 'which neither create new rights nor take away any vested ones, are not within the strict application of the rule' [that every reasonable doubt is resolved against a retroactive application of a statute] 25 R. C. L. 790." See generally 2 Horack, Sutherland Statutory Construction 3d ed., Section 2205.

In the *Aikens* case, this Court held that Sections 11 and 22 should be read in *pari materia*, and that Section 22 alone controls the question of appellate review and confines the procedure to the Circuit Court of Kanawha County; and that Section 17 has as its sole purpose the suspension of the payment of unemployment benefits "* * * when an 'interested party appeals to a court' against a void, because arbitrary, capricious, or fradulent, finding of the board of review. A proceeding of that kind is not appellate, but is a direct attack upon a void finding of the board." (Page 44, opinion).

Upon this reappraisement of the holding in the *Aikens* case, we now disapprove the language just quoted, and the holding of this Court in its interpretation of Section 17. Section 11, dealing with "Benefits pending appeal"; Section 17, dealing with "Finality of Board's Decision"; and Section 22, dealing with "Judicial Review", in our opinion, should be read in *pari materia*.

Clearly, the primary purpose of Section 11 is to provide for the payment of benefits when they are allowed by the decision of the board of review from a decision of an appeal tribunal, except in the case of a disqualification under subsection (4), Section 4, Article 6, Chapter 130, Acts of the Legislature, 1945, "* * * whether such decision reverses or affirms the decision of the appeal tribunal *and regardless of any further appeal: * *.*" This section has as its ultimate and underlying purpose the preven-

tion of delay in the payment of benefits, where benefits have been allowed by the board of review due to the fact that an employer has the power, as a matter of right, to appeal to the deputy director, then to the appeal tribunal, and then to the board of review. Its purpose is to relieve the claimant, by the early payment of benefits allowed by the board of review, from a position of emergency growing out of his unemployment. This section is eminently fair both to the employer and claimant, for it provides that "* * * if the decision of the board is reversed on appeal [to the Circuit Court of Kanawha County or to this Court on certiorari] an employer's account shall not be charged with the benefits so paid."

Section 22, as heretofore indicated, provides for a judicial review, if application therefor is made by any aggrieved party within twenty days after the decision of the board has become final. This section is headed "Judicial Review"; but Section 17 is headed "Finality of Board's Decision", and is the only section in the Employment Security Act which determines when the decision of the board shall become final, in the sense that it will form a basis for judicial review under Section 22. Under this section, if claimant, last employer or other interested party does not appeal within thirty days after mailing of the notification of the board's decision, the decision of the board becomes final, and the aggrieved party may then proceed under Section 22. But if the aggrieved party appeals to a court within thirty days after mailing of the notification of the board's decision, as provided by Section 17, the decision of the board does not become final within the meaning of Section 22. In the instant case, on the twenty-ninth day after mailing of the notification of the board's decision, claimants petitioned the circuit court for an appeal from and a review of the decision of the board in refusing benefits. So the requirements of Section 22 were not met. If this proceeding had been brought within the provisions of Section 22, there being no final decision within the provisions of that section, the resort to the circuit court would have been premature, and the

court would have no jurisdiction of the proceeding. If we adhere to our holding in the *Aikens* case as to Section 17, we have the anamolous situation of claimants being entirely out of court because they acted promptly and filed their petition with the circuit court one day before the expiration of the thirty-day period, after mailing of the notification of the board's decision.

Counsel for claimants prosecute certiorari to this Court on the theory that they are proceeding under Section 22. In doing so, evidently counsel read the word "unless" in Section 17 to mean "if". If such reading were proper, of course, the filing of an appeal to a court within the thirty-day period would give such finality to the decision of the board as would justify a proceeding for judicial review under Section 22, in which event claimants would have thirty days after the mailing of the notification of the board's decision to appeal to a court and an additional twenty days thereafter under Section 22 in which to obtain a judicial review by the institution of an action against the board in the Circuit Court of Kanawha County. Though counsel for claimants prosecuted this writ of error to this Court as though the review had in the Circuit Court of Kanawha County was under Section 22, there is nothing in this record, other than the fact that the petition to the circuit court was headed "Petition For Appeal and Judicial Review" to indicate that petitioners proceeded in the circuit court under Section 22. The petition to the circuit court in the body thereof makes no reference to Section 22 and the fact that pursuant to the notice of the appeal board claimants had thirty days from the decision of the board of review to apply to the circuit court, claimants evidently actually proceeded under Section 17.

There are several rules of statutory construction well established in this State, which will aid in determining whether claimants had a right to appeal to the circuit court solely under the provisions of Section 17: (1) "In the absence of any definition of the intended meaning of words or terms used in a legislative enactment, they will,

in the interpretation of the Act, be given their common, ordinary and accepted meaning in the connection in which they are used." *Miners in General Group* v. *Hix,* 123 W. Va. 637, pt. 1 syl., 17 S. E. 2d 810; (2) in the construction of a statute every word must be given some effect and the statute must be construed in accordance with the import of its language. *Willis* v. *Kalmbach,* 109 Va. 475, 64 S. E. 342, and *Fielder & Turley* v. *Adams Express Co.,* 69 W. Va. 138, 71 S. E. 99; and (3) the practical construction given to a statute, as evidence by the notice in the instant case to the claimants by the board of review, as disclosed by the notice to claimants in the instant case, is entitled to weight in the construction of the procedural statute, namely, Article 7, now under appraisement. "Where a statute is of doubtful meaning the contemporaneous construction placed thereon by the officers of government charged with its execution is entitled to great weight, and will not be disregarded or overthrown unless it is clear that such construction is erroneous." *State ex rel. Brandon* v. *Board of Control,* 84 W. Va. 417, pt. 2 syl., 100 S. E. 215. See generally as to the conclusiveness of contemporaneous and practical interpretation, 2 Horack, Sutherland Statutory Construction, 3d Ed., Section 5104. Of course, such rules should not be applied where to do so would contravene the evident legislative intent, as determined in the light of the purpose and subject matter of the statute construed as a whole. *State ex rel. Holbert* v. *Robinson,* 134 W. Va. 524, 59 S. E. 2d 884.

We are of opinion that the claimants having applied to the Circuit Court of Kanawha County within the thirty-day period after the mailing of the notification of the board's decision, acted under Section 17 and not under Section 22. It therefore is pertinent for us to examine the specific words of Section 17, and in particular the words "appeals to a court". These quoted words, in our opinion, have some meaning. Reading Sections 17 and 22 together, we think the words "a court" in Section 17 should be construed to mean the Circuit Court of Kanawha County and the words "appeals to a court" mean an appeal or

application for review to the Circuit Court of Kanawha County. If these words do not have that meaning, the question immediately arises: What court and what kind of proceeding did the Legislature have in mind in the enactment of Section 17? Certainly, in any event an aggrieved party has a right, even in the absence of a statutory provision therefor, to a judicial review from the action of an administrative body, no matter by whom or for what purpose the administrative body is created. To hold otherwise would vest in an administrative body both administrative and judicial powers, which would be in direct contravention of Article V of the Constitution of this State.

But it may be inquired how can there be an appeal under Section 17, when that appeal serves to prevent the finality of the decision of the board of review. In the first place, the provision as to the finality of a decision of the board of review, as heretofore stated, is for the purpose of permitting a party to proceed under Section 22, which provides that any aggrieved party may secure a judicial review against the board in the Circuit Court of Kanawha County "within twenty days after the decision of the board has become final."

The decision of the board of review in granting or denying unemployment compensation benefits is final in the sense that all matters in controversy in the proceeding have been adjudicated thereby; and the Legislature in this instance, by granting to an aggrieved party the independent right to an appeal under Section 17, necessarily has granted an appeal to a decision of the board of review, which is not final within the meaning of Section 22.

That such power lies within the province of the Legislature is clear. In fact, the Legislature has exercised such power as to interlocutory decrees in chancery causes, when it enacted Code, 58-5-1, providing that "A party to a controversy in any circuit court may obtain from the supreme court of appeals, or judge thereof in vacation, an appeal from * * * or supersedeas to, a * * * decree * * *

of such circuit court in the following cases: * * * (g) In any case in chancery wherein there is a decree or order * * * adjudicating the principles of the cause;". See *Garlow* v. *Murphy*, 111 W. Va. 611, 612, 613, 163 S. E. 436; *Richmond* v. *Richmond*, 62 W. Va. 206, 213, 217, pt. 2 syl., 57 S. E. 736. Thus in *Slater* v. *Slater*, 118 W. Va. 645, pt. 1 syl., 191 S. E. 524, and *Blackshere* v. *Blackshere*, 111 W. Va. 213, 216, 161 S. E. 27, as stated by this Court in point 1 of the syllabus of the *Blackshere* case: "In a divorce proceeding, an interlocutory decree awarding *pendente lite* alimony is reviewable by the appellate court under Chapter 135, Section 1, subsection 7, Barnes' Code, 1923 (58-5-1, Official Code, 1931)." So, in our opinion the Legislature by strong legislative inference provided in Section 17 for an appeal to the circuit court from a decision of the board of review within thirty days from the mailing of the notification of the board's decision. If the Legislature did not so intend, why did it use the words "unless a claimant, last employer or other interested party appeals to a court within thirty days after mailing of notification of the board's decision."? Surely not for the reason, as stated on page 44 of the opinion in the case of *State ex rel. Aikens* v. *Davis, Director, etc., supra*.

Why then did the Legislature provide resort to the circuit court for a review of, or appeal from, the decision of the board of review in Section 17, and also for a judicial review by action instituted in the Circuit Court of Kanawha County upon application made within twenty days after the decision shall become final under Section 22? The answer is obvious. It was the evident purpose of the Legislature that the claimant, last employer, or other interested party, who is aggrieved by a decision of the board of review may elect, under Section 17, either to await the expiration of the thirty-day period and then apply for a judicial review under Section 22, or he may hasten the proceeding by appealing at any time within thirty days after the decision of the board of review shall become final. This purpose involves a legislative policy, with which this Court has no concern, so long as the en-

actment does not contravene any of the provisions of the Federal and State Constitutions. "The expediency or inexpediency of an act is a question for the Legislature and not for the courts." Pt. 6 syl., *Slack* v. *Jacob,* 8 W. Va. 612. For us to say that because the instant claimants elected, under Section 17, to hasten the adjudication of their claims by filing an appeal to the circuit court, given to them under the express terms of the statute, they are forever and a day out of court would create such an absurdity as would not lie in sound statutory construction. "Courts will not presume fraudulent intent and corrupt purposes on the part of the Legislature, but will presume the contrary." Pt. 10, syl., *Slack* v. *Jacob, supra.*

Though the question does not immediately arise in this case, for the reason that the deputy, the appeal tribunal, consisting of the trial examiner, and the board of review declined to award benefits, we deem it advisable to address ourselves to the question as to what, if anything, is the effect of our interpretation of Section 17 on the provisions of Section 11. As heretofore stated, Section 17 provides that "The decision of the board shall be final and *benefits shall be paid or denied in accordance therewith",* unless a claimant, last employer or other interested party appeals to a court "within thirty days after mailing of the notification of the board's decision." To state the provisions of this section conversely, if interpreted as standing alone, if an application is made by any of such named parties to a court for an appeal within thirty days after mailing of notification of the board's decision, then benefits shall *not* without delay pending further appeal be paid or denied in accordance with the board's decision; but, as heretofore indicated, we think Sections 11 and 17, together with Section 22, should be interpreted together, and in *pari materia* as pertinent parts of the same statute, namely, Article 7, dealing with "Claim Procedure". Section 11, dealing with "Benefits pending appeal", in our opinion, has for its sole and overall purpose the awarding of benefits, if benefits are allowed by the decision of the board of review on appeal from the decision of the appeal

tribunal, whether the decision of the board of review reverses or affirms the decision of the appeal tribunal, and regardless of any further delay or proceeding in the Circuit Court of Kanawha County and in this Court, so that an employer who, as a matter of right, can take an appeal from the field deputy to the appeal tribunal and from the appeal tribunal to the board of review cannot unduly harass claimants in the emergency, which necessarily accompanies their unemployment by delaying the payment of benefits pending the procedure in the circuit court and in this Court. The pertinent and clear provision of Section 11 reads: "If benefits are allowed by the decision of the board on appeal from the decision of the appeal tribunal the benefits shall be paid whether such decision reverses or affirms the decision of the appeal tribunal and regardless of any further appeal", provided, of course, that such decision does not relate to a disqualification of a claimant under subsection (4), Section 4, Article 6, Chapter 130, Acts of the Legislature, 1945. This provision of Section 11, regarding the payment of benefits is mandatory in its nature, and has underlying it a most beneficient and humanitarian purpose, which in no case should be thwarted by any interpretation of the somewhat indefinite provisions of Section 17. Notwithstanding our comments as to this Court's interpretation of Section 17 in the case of *State ex rel. Aikens* v. *Davis, Director, etc., supra,* we approve the language used by Judge Kenna in reference to Section 11, and in that regard adhere to our former holding. On pages 42 and 43 of the opinion it is stated: "It is not necessary to comment at length concerning the purpose of that section. Benefits to the unemployed are certainly in relief of an emergency. Relief of an emergency beyond doubt requires prompt action. After a claim is considered by a deputy director, then by a trial examiner, and is then appealed to the board of review, all of which lie as a matter of right to an employer who may desire delay only, certainly an emergency would have spent its force if payments were held up during a possible appeal to this Court. We believe the

plain legislative purpose was to prevent that contingency from arising and, in so far as it could, to see that prompt relief would be forthcoming."

In our opinion, claimants under Section 17 have a right to a judicial review of the decision of the board of review in the Circuit Court of Kanawha County, their application therefor having been timely made within thirty days after mailing of notification of the board's decision. Such review shall be conducted like every other statutory review of the decision and findings of an administrative body by a court having jurisdiction. Of course, such review does not involve redetermination of the administrative questions passed on by the administrative body. *City of Huntington* v. *State Water Commission,* 135 W. Va. 568, 64 S. E. 2d 225.

Though the Circuit Court of Kanawha County in its opinion, made a part of the record, stated that the court denied claimants' appeal in view of the decision of this Court in *Copen* v. *Hix,* 130 W. Va. 343, 43 S. E. 2d 382, the court did not in the judgment order complained of pass on or determine the merits of the case, when it simply denied claimants' appeal.

While the opinion of the circuit court was properly made a part of the record by order, it merely serves "to point out the specific ground on which the trial court acted." *Woodruff* v. *Gilliam,* 116 W. Va. 101, 109, 179 S. E. 873, 876. "The opinion itself does not become a finding of the court, nor a part of the judgment rendered, nor the subject of appeal." *Robertson* v. *Vandergrift,* 119 W. Va. 219, 193 S. E. 62.

We therefore reverse the judgment of the Circuit Court of Kanawha County and remand this case to that court with directions that claimants' petition for an appeal be entertained and that the circuit court adjudicate every legal question presented by the record, including the judicial question whether the findings of fact of the board of review are clearly wrong or against the plain pre-

ponderance of the evidence. Only when such adjudication is made and judgment rendered in accordance therewith will a writ of error lie to this Court, if such judgment contains apparent error, for this Court will not in the first instance pass on questions not considered by the circuit court. *Woods, Spec. Com'r.* v. *Campbell,* 45 W. Va. 203, 32 S. E. 208; *Weese* v. *Weese,* 134 W. Va. 233, 58 S. E. 2d 801.

> *Reversed and remanded*
> *with directions.*

GIVEN, JUDGE, concurring:

I agree with the ultimate conclusion of the Court as announced in the opinion of Judge Riley, but reach that conclusion by a different process of reasoning. I do not believe that a claimant or any other person "has a right to a judicial review independent of the provisions of Section 22," but believe that the "appeal" mentioned in Section 17 has reference only to the "judicial review" mentioned in Section 22. Section 17 contains no specific language creating any right of review, no method for perfecting any such procedure, and no provision relating to the powers or duties of any appellate tribunal. It reads: "The decision of the board shall be final and benefits shall be paid or denied in accordance therewith, unless a claimant, last employer, or other interested party appeals to a court within thirty days after mailing of notification of the board's decision."

To hold that Section 17 accords the claimant or any other person the "right to a judicial review independent of the provisions of Section 22," necessarily means that the Legislature, in the same act, provided two separate judicial reviews to any action of the board, each such review to be heard by the Circuit Court of Kanawha County. Presumably, if that be true, some of the parties to a proceeding before the board could obtain one of such reviews while other parties could obtain the other. Why attribute to the Legislature the intent to create such endless confusion? Why two distinct reviews by the same

court? Only clear language should impel us to such conclusions. All agree that the several sections dealing with judicial review should be read in *pari materia*. Why so read them if they necessarily deal with separate and distinct judicial reviews?

In my opinion Section 17 deals primarily with payment of benefits in the event of an appeal from the order of the board. It also makes such an order final after thirty days, and also necessarily implies that a claimant or other interested person may "appeal to a court within thirty days" after mailing of the notices. Note that the appeal may be had "within" the thirty days before the order becomes final. Section 22 merely extends the period in which the review may be had twenty days after the order of the board has become final. That creates no inconsistency. The petition in the instant case, having been filed within the thirty day period after the mailing of the notification of the board's decision, was filed within the time allowed by Section 17. I think such a petition would be filed in time if filed within fifty days after the mailing of the notification of the board's decision.

Fox, PRESIDENT, dissenting:

I am unable to concur in the decision of the majority in this proceeding, because I think the inescapable effect of the decision is to nullify the right of claimants to benefits under the Unemployment Compensation Act to have such benefits paid after obtaining a final decision in their favor before the Board of Review provided for in the Act. I regard that provision as an important one, calculated to meet emergencies arising from unemployment, which should not be stricken down in order to provide an excuse for granting relief in the case now before us. I particularly dissent from Point 3 of the syllabus.

It is unnecessary to go into details as to the procedure leading up to a final decision by the Board of Review. When that point is reached, Section 11, Article 7, Chapter 1, Acts of the Legislature, Second Extraordinary Session,

1936, as last amended by Chapter 130, Acts of the Legislature, 1945, comes into the picture and provides:

> "If an appeal is filed, benefits for the period prior to final determination of the board shall be paid only after such determination. If benefits are allowed by the decision of the board on appeal from the decision of the appeal tribunal the benefits shall be paid whether such decision reverses or affirms the decision of the appeal tribunal and regardless of any further appeal: Provided, That such decision does not relate to a disqualification under subsection (4) of section four of article six; but if the decision of the board is reversed on appeal an employer's account shall not be charged with the benefits so paid."

I assume it will not be denied that when the section quoted above speaks of the decision of the Board, it is meant thereby the final decision of the Board, or stated another way, when the decision of the Board becomes final under the provision of the Act.

We are not left in any doubt whatever as to when the decision of the Board of Review becomes final, because Section 17 of the same article is headed "Finality of Board's Decision" and reads as follows:

> "The decision of the board shall be final and benefits shall be paid or denied in accordance therewith, unless a claimant, last employer, or other interested party appeals to the court within thirty days after mailing of notification of the board's decision."

This is another way of stating that until the expiration of thirty days after mailing of notification, the board's decision has not become final; and in the event that the claimant, last employer, or other interested party has appealed to a court during that period, the decision of the Board of Review never does become final until a decision by the court in any suit, action or proceeding instituted under Section 17. It is obvious, therefore, that if an appeal is allowed from the action of the Board under Section 17, there can be no payment of benefits until there

has been a complete end to the litigation, which may be delayed for months, or even longer, and delayed long after the emergency intended to be relieved has passed.

In the case at bar, the right of claimants to collect benefits, pending an appeal under Section 17, is not before us because benefits were denied. But, we are laying down a principle which we will be compelled to follow in a case where benefits are allowed, and where an appeal is permitted to be taken under the provisions of Section 17. We cannot now say that the claimants are entitled to an appeal under that section as a matter of right, and later say that an employer or other interested person is not entitled, as a matter of right, to the same character of appeal. The rights of parties are mutual. An appeal operates to suspend the order appealed from. There is, therefore, no power vested in the director to pay benefits until the order of the Board of Review granting benefits has become final.

This whole matter was before us in the case of *State ex rel. Aikens* v. *C. S. Davis, Director of Unemployment Compensation,* 131 W. Va. 40, 45 S. E. 2d 486. Four Judges of this Court, as now constituted, participated in and concurred in that decision. The syllabus point in the case covers Section 11, but in the body of the opinion, on questions raised by the record, the interpretation of Section 17 is discussed, in an effort to give some effect to Section 17 without destroying the purpose of Section 11, and in commenting on Section 17, this Court, in the opinion written by Judge Kenna, said:

> "It is quite clear that if Section 17 refers to more than one court, it does not deal with judicial review nor use the word 'appeal' in the sense of judicial review, because 'appeal' in that sense is completely provided by Section 22 and is expressly confined to one court. Both Section 11 and Section 22 clearly contemplate judicial review and, that being so, Section 17 must be construed, if possible, so that its terms do not conflict with those of the other two sections. It would seem that the only way in which the language of

that section can be made to harmonize with that of Section 22 is to hold that the purpose of Section 17 is to suspend the payment of unemployment benefits when an 'interested party appeals to a court' against a void, because arbitrary, capricious, or fraudulent, finding of the board of review. A proceeding of that kind is not appellate, but is a direct attack upon a void finding of the board. We are not confronted with that situation here. We are therefore of the opinion that the pending application for an appeal from the decision of the board of review is not subject to the provisions of Code, 21A-7-17, but is controlled by Sections 22 and 11 of the same article."

I realize the difficulty of reconciling these statutes, but I think the purpose of Section 17 was to do nothing more than fix the time when the decision of the Board of Review should become final, and the time when benefits should be paid. That, in effect, was the holding in the *Aikens* case, and I see no reason to depart from that holding. The Legislature evidently had it in mind that it could not provide for the payment of benefits upon a finding by the Board of Review unless it permitted the employer or other interested party the right to his day in court, and for that reason the decision was suspended for thirty days in order to afford persons claiming to be prejudiced a right to contest in some form or manner, other than appeal as a matter of right provided by Section 22, the validity of the order of the Board of Review. Without that provision there would probably have been a lack of due process of law.

But, the Legislature at the same time clearly provided for a judicial review as a matter of right when, by Section 22, it provided that:

"Within twenty days after a decision of the board has become final, any party aggrieved may secure judicial review of the decision by commencing an action against the board in the circuit court of Kanawha County. Parties to the proceedings before the board shall be made defendants. The director shall be a necessary party to such judicial review."

It can hardly be conceived that the Legislature would have enacted Section 22, if it had intended to permit an appeal as a matter of right under Section 17. The appeal provided for by the Legislature under the name of Judicial Review is limited to the Circuit Court of Kanawha County, whereas the proceeding which might be instituted under Section 17 is not so limited. This provides support for the position taken by Judge Kenna. If the Legislature had intended to allow a general appeal under Section 17, then of what use or value is Section 22, and what reason lies behind the enactment of Section 22? There can be no necessity of two appeals.

I am not much concerned about the method by which an aggrieved party is permitted a judicial review or appeal from the action of the Board of Review; but I am concerned when this Court undertakes to nullify and destroy what I regard as a very important provision of the Unemployment Act. The very purpose of Section 11 was to provide that upon a decision of the Board of Review becoming final, if it allowed compensation, such compensation should then be paid regardless of the result of any appeal. To me it seems perfectly clear that if an employer is permitted to appeal under Section 17, he can delay the payment of benefits until the end of all litigation touching the matters in dispute. It is because I foresee this difficulty in the future that I file this dissent. I think it more important that Section 11 remain effective, as written, than that benefits be allowed in any particular case. The case at bar is a difficult one, and if on the merits of the case claimants are entitled to benefits, claimants are in a position of having filed what they now claim was an appeal within thirty days after the order of the Board of Review. Had they waited two days, and there had been no attack upon the order of the Board of Review by the last employer or other interested party, that order would have become final, and within twenty days thereafter they would have had the right to institute their action in the Circuit Court of Kanawha County for a judicial review. They could not ask for that judicial

review until after the order of the Board of Review had become final, and this puts them in the unfortunate situation from which they now seek escape. We can only grant them relief by what I conceive to be an unwarranted interpretation of the statute as written, and the destruction of valuable rights at present vested in the unemployed under Section 11. The arbitrary holding of Point 3 of the syllabus cannot be defended in law or logic. Under the plain provisions of Section 17, an appeal prevented the order of the Board of Review from becoming final.

For these reasons, I would affirm the order of the Circuit Court of Kanawha County in refusing to entertain the appeal. Having refused to entertain the appeal, I think its decision of the case on its merits was not warranted.