GOLDEN MCCLOUD, *et al.*

*v.*

M. H. HIX, *Clerk, etc.*, BOARD OF REVIEW, W. VA. DEPT. EMPLOYMENT SECURITY, ISLAND CREEK COAL CO., *et al.*

(No. 10433)

Submitted April 22, 1952.  Decided May 20, 1952.

Fox, JUDGE, not participating.

*Hillis Townsend, M. E. Boiarsky,* for petitioners.

*Estep & Chambers,* and *Thomas S. Smith, Jr.,* for respondents.

RILEY, PRESIDENT:

Golden McCloud and approximately 600 other employees of the Island Creek Coal Co., a corporation, are here on certiorari seeking reversal of an order of the Circuit Court of Kanawha County, entered on February 23, 1951, by which the said court refused to grant "the appeal and judicial review prayed for" being of the opinion "that the said decision of the Board of Review is plainly right."

McCloud and approximately 100 or more others, tipple workers at the respondent's mines in Logan County, and the rest of the petitioners, production workers, filed claims for unemployment compensation benefits for the period between December 12, 1949, and January 16, 1950. The field deputy held the claimants disqualified, holding that the unemployment was "due to a stoppage of work which exists because of a labor dispute." This decision was affirmed by the appeal tribunal, a single examiner, after hearing.

Petitioners then appealed to the Board of Review, contending that, though a labor dispute did exist, petitioners would come within the exception as set out in Chapter 135, Article 6, Section 4, Acts of the Legislature, Regular Session, 1949:

"* * * No disqualification under this subsection shall be imposed if the employees are required to accept wages, hours or conditions of employment substantially less favorable than those prevailing for similar work in the locality, or if employees are denied the right of collective bargaining under generally prevailing conditions, or if an employer shuts down his plant or operation or dismisses his employees in order to force wage reduction, changes in hours or working conditions."

The decision of the Board of Review, transmitted by letter of May 31, 1950, affirmed the decision of the trial examiner stating:

"* * * it is clear that in so doing they followed out the directives of the officers of the Union and,

hence, the unemployment is a direct result of their own activity and not that of the management. We believe that it has not been shown by the claimants, and the burden under the law is upon the claimants, that they come within any of the exceptions as set out in Chapter 21-A, Article 6, Section (4). Therefore, the decision of the Trial Examiner will be affirmed."

It appears from the evidence adduced at the hearing before the appeal tribunal that the contract between the union, of which the claimants were members, and the operators had expired on June 30, 1949. This contract had contained provisions allowing the operator to work the mines extra shifts and to fix the starting time of any worker. It also established a work day of seven hours and fifteen minutes for tipple workers, with an additional thirty minutes overtime, allowable to dump and prepare the coal, if necessary.

Prior to the expiration of the contract, the respondents had processed the coal from two of their mines over one tipple. The tipple operated two shifts, one beginning at 7:00 A.M., and one beginning at 5:00 P.M., and the tipple workers would work as much overtime as necessary to prepare all of the coal brought out during the shift.

Subsequently, the three-day work week was inaugurated, and the mines continued to operate in the usual manner until the 1st of December, 1949, at which time a directive was issued by the national union again limiting the men to a three-day work week and specifying that maintenance work was to be held to an irreducible minimum. This was interpreted by the local union officers as directing strict compliance with the provisions of the expired contract with the exception of the allowable work week. The tipple workers then refused to work more than the thirty minutes overtime required by the expired contract, as a result of which, the coal produced could not be handled by the tipple and it became necessary to reduce the number of production workers. The respondents then attempted to work the tipple a third, or extra shift, and changed the starting times to 6:30 A.M., 1:45 P. M. and

9:00 P.M., beginning on December 12, 1949. An insufficient number of tipple workers appeared at the new starting times to operate the shifts and a complete shut down of the mines ensued.

In holding all of the claimants to be disqualified, the Board of Review made no distinction, if there be any, between the production workers, who, of necessity, were laid off when the tipple did not operate, and the tipple workers who declined to work, except on the former basis.

Application for appeal to the Circuit Court of Kanawha County resulted in the order complained of and certiorari was granted by this Court on October 8, 1951.

By refusing the appeal and judicial review prayed for, the circuit court failed to adjudicate any of the questions presented by this record, including: (1) Whether the claimants, or any of them, were eligible, under Chapter 135, Article 6, Section 4, Acts of the Legislature, Regular Session, 1949, or were available for work; (2) whether the claimants, or any of them, if eligible or available for work, were disqualified; and (3) whether the claimants, or any of them, though their unemployment was due to a stoppage of work which existed because of a labor dispute, were nevertheless entitled to compensation by reason of the operation of the exception embraced in said Section 4, Article 6 of Chapter 135.

We, therefore, remand this case to the Circuit Court of Kanawha County with directions that claimants petition be entertained, and that the circuit court adjudicate every question presented by this record, including the judicial question whether the findings of fact of the Board of Review are clearly wrong or against the plain preponderance of the evidence. This remand is in accordance with the holdings of this Court in the recent cases of the *City of Huntington* v. *State Water Commission*, 135 W. Va. 568, 64 S. E. 2d 225, and *Wilson* v. *Hix, et al.*, 136 W. Va. 59, 65 S. E. 2d 717. Under these decisions, the claimants are entitled to have their petition for an appeal entertained by the circuit court so that they may have in that court a

judicial review of every question presented by this record, for this Court will not in the first instance, in reviewing a judgment of the Circuit Court of Kanawha County, pass on nonjurisdictional questions not passed upon by the circuit court.

For the foregoing reasons, we reverse the order of the Circuit Court of Kanawha County refusing to grant an appeal and judicial review prayed for by claimants in their petition.

*Reversed and remanded with directions.*