STATE *ex rel.* PETER CASSINELLI .

*v.*

CLEMENT R. BASSETT, COMMISSIONER, ETC.

(No. 12317)

Submitted May 26, 1964.     Decided June 30, 1964.

*Kingdon & Kingdon, Arthur Ritz Kingdon,* for relator.

*Jack O. Friedman,* for respondent.

CALHOUN, JUDGE:

In this original proceeding in mandamus, Peter Cassinelli seeks to require the respondent, Honorable Clement R. Bassett, Commissioner of the West Virginia Department of Employment Security, to pay Cassinelli unemployment compensation benefits in the sum of $832.00 pursuant to the decision of the Board of Review of the Department of Employment Security, which is evidenced by an order entered on August 19, 1963. An answer filed to the mandamus petition in behalf of the respondent asserts, among other defenses, that Peter Cassinelli is disqualified to receive unemployment compensation benefits because he was a member of the partnership by which he alleges that he was employed.

In 1944, Charles C. Cassinelli, Magdelene Cassinelli, his wife, Tony Cassinelli and Della Cassinelli, his wife, entered into a partnership agreement which provided that the partnership would continue during the mutual will of the partners "and until terminated by death, bankruptcy or insolvency of one or more members." Tony Cassinelli and Della Cassinelli were parents of the claimant. The partnership, known as Wyoming Theatres Company, was formed for the purpose of owning and operating several theaters in Wyoming County.

Peter Cassinelli was employed by the partnership in September, 1959, at a salary of $95.00 a week, as manager of two theaters owned by the partnership. On November 8, 1959, Della Cassinelli died. By will she devised and bequeathed her entire estate in equal proportions to Peter Cassinelli, the claimant, and his sister, Martha Wirtz. Each of the two devisees thereby became an owner of a one-eighth undivided interest in the partnership assets.

Peter Cassinelli continued to be employed in the same capacity and at the same salary after the death of his mother. In February, 1962, a suit was instituted in the Circuit Court of Wyoming County to wind up the affairs of the partnership. On March 18, 1963, Peter Cassinelli was discharged from his employment by the receiver who had been appointed in the court proceedings. During the period of about three and one-half years of Peter Cassinelli's employment contributions were paid on account of his salary and such contributions were received and accepted by the department.

After his discharge by the receiver from his employment, Peter Cassinelli made application for unemployment compensation benefits. A deputy for the respondent commissioner, to whom the claim was referred, made a decision in which he stated that the claimant had been "manager and partner in this company;" that the claimant "is unemployed only because of a suit" pending in court; and that, in such circumstances, he was "not partially or totally unemployed as defined in the law." This finding

was "affirmed" by an examiner and thereupon the claimant appealed to the board of review of the department. In reversing the decision of the deputy and in holding that the claimant was eligible to receive unemployment compensation benefits, the board of review stated:

"In view of the fact that this Claimant was employed by a partnership, of which he was a partner, does not seem to have influenced the Department of Employment Security in its acceptance of contributions paid by the partnership on account of his wages, the Board of Review fails to find a basis for a distinction between this Claimant and other employees of partnerships."

Counsel for Peter Cassinelli points out that he was employed by the partnership for about two months while his mother was living and before he owned any interest whatsoever in the partnership or its assets; and contends that, upon the death of the claimant's mother, the partnership was dissolved both by operation of law and by the provision of the partnership agreement which has been quoted earlier in this opinion. On the other hand, counsel for the respondent contends that the claimant became a member of the partnership, by some means or other, after his mother's death. We do not consider it necessary to a decision of this case that we decide whether the claimant did or did not become a member of the partnership after his mother's death, and whether he thereby became ineligible for unemployment compensation benefits.

The affairs of the partnership were wound up by final court action on July 30, 1963. On or about August 3, 1963, a new partnership was formed under the same name by Charles C. Cassinelli, his wife and daughters. An application was made by Charles C. Cassinelli for a refund of contributions which were alleged to have been paid improperly on the earnings of Peter Cassinelli. On or about December 11, 1963, the department mailed to the new partnership a check for $150.25, representing a refund of the total contributions which were alleged to have been paid improperly. There is nothing to indicate

that the claimant had anything whatsoever to do with the application for or receipt of the refund. We cannot agree with the contention of the respondent that the application for and the payment of the refund after the claimant ceased to have any interest whatsoever in the partnership constitutes a valid defense in this proceeding.

Code, 1931, 21A-7-11, as amended, dealing with appeals to the board of review in a case of this nature, provides: "If benefits are allowed by the decision of the board on appeal from the decision of the appeal tribunal the benefits shall be paid whether such decision reverses or affirms the decision of the appeal tribunal and regardless of any further appeal: Provided, that such decision does not relate to a disqualification under subsection (4) of section four of article six; but if the decision of the board is reversed on appeal an employer's account shall not be charged with the benefits so paid." In this case we are not concerned with the disqualification stated in the proviso. Section 17 of the same chapter and article provides: "The decision of the board shall be final and benefits shall be paid or denied in accordance therewith, unless a claimant, last employer, or other interested party appeals to a court within thirty days after mailing of notification of the board's decision." This statute was amended in 1939 so as to increase the appeal period from ten to twenty days; and in 1949 it was amended so as to increase the period from twenty to thirty days.

In *State ex rel. Aikens* v. *Davis, Director, etc.,* 131 W. Va. 40, 45 S. E. 2d 486, decided while the appeal period was twenty days, the Court, in the syllabus of that case, stated: "* * * mandamus lies after twenty days from the date of the Board's finding to enforce the Board of Review's award of unemployment benefits based upon a claim not subject to the proviso contained in that section." To the same effect see also *Wilson et al.* v. *Hix, et al.,* 136 W. Va. 59, pt. 3 syl., 65 S. E. 2d 717; *State ex rel. Bassett* v. *Hatcher,* 147 W. Va. 748, pt. 1 syl., 131 S. E. 2d 172.

In the light of the plain language of Code, 1931, 21A-7-11, as amended, as applied by this Court in the cases

referred to immediately above, we are of the opinion and accordingly hold that where the claimant is satisfied with the award of unemployment compensation benefits made in his favor and does not appeal from the action of the board of review, and such award does not come within the proviso in the statute, such award becomes final thirty days after the mailing of notification of the board's decision as provided in Code, 1931, 21A-7-17, as amended; and the claimant is then entitled to enforce the payment of such award by a proceeding in mandamus, regardless of any further appeal by other interested parties, taken either before or after the expiration of the thirty-day period. This is true even though it is subsequently determined that the claimant was ineligible to receive such unemployment compensation benefits. While, in such circumstances, the award becomes final for the benefit of the claimant for purposes of payment of the award made in his favor, it is also true that other interested parties may appeal in order to litigate other questions in issue, such as to determine the chargeability of the award to the account of the employer. *Wilson et al.* v. *Hix et al.*, 136 W. Va. 59, 65 S. E. 2d 717; *State ex rel. Bassett* v. *Hatcher*, 147 W. Va. 748, 131 S. E. 2d 172.

In this case, no interested party has taken any appeal for any purpose from the decision of the board of review, although the appeal period has long since expired. Code, 1931, 21A-7-22, as amended.

For reasons stated, the peremptory writ of mandamus prayed for is awarded.

*Writ awarded.*