305 S.E.2d 340

**James E. BELT, et al.**

v.

**Phyllis J. COLE, Clerk, etc., et al and FMC Corporation.**

**Gary PENNINGTON, et al.**

v.

**Phyllis J. COLE, Clerk, etc., et al., and Hansford Machinery Co.**

**Leslie H. GORDON, et al., and George S. Belcher, et al.**

v.

**Phyllis Jean COLE, Clerk, etc., et al., and Ensign Electric Division, Harvey Hubbell Incorporated.**

**Nos. 15674, 15675 and 15866.**

Supreme Court of Appeals of West Virginia.

July 8, 1983.

---

James M. Haviland, McIntyre, Haviland & Jordan, Charleston, for Belt, Pennington and Gordon.

David D. Johnson, Jackson, Kelly, Holt & O'Farrell, Charleston, for FMC.

P. Thomas Krieger, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, for Ensign Electric Div.

HARSHBARGER, Justice:

These cases have been consolidated to determine the applicability of eligibility and disqualification provisions in our unemployment compensation act to striking workers without a contract, a question of statutory interpretation that does not require factual exposition.

All appeals stem from findings that striking workers are unable to meet the eligibility requirements in our unemployment compensation act, and therefore, are never entitled to benefits while on strike.

The statute includes both eligibility and disqualification provisions. W.Va.Code, 21A–6–1 and 21A–6–3. *Oyler v. Cole*, 171 W.Va. 402, 299 S.E.2d 13 (1982); *Kisamore v. Rutledge*, 166 W.Va. 675, 276 S.E.2d 821, 824 (1981). Among other prerequisites to eligibility for benefits, it requires of an unemployed person that:

> (4) He has been totally or partially unemployed during his benefit year for a waiting period of one week prior to the week for which he claims benefits for total or partial unemployment. W.Va. Code, 21A–6–1.

Relying on our opinion in *Pickens v. Kinder*, 155 W.Va. 121, 181 S.E.2d 469 (1971), the trial court held that a striking worker is neither totally nor partially unemployed and, therefore, does not meet the eligibility standard. That is clearly what *Pickens* said in Syllabus Points 3 and 4:

> 3. Employees who go on strike do not sever their employer-employee relationship, and such relationship continues during the entire time they are on strike and until such time as they quit or obtain employment elsewhere, and striking employees who intend to return to their jobs are not totally unemployed where there

is no showing of a separation from employment.

4. Where employees voluntary [sic] go on strike but work is available at the employer's plant, such employees are not partially unemployed because a strike does not create a *lack of work* where work is available to the strikers during the strike.

Eligibility requires total or partial unemployment, and total and partial unemployment and separation from employment are defined in Code, 21A–1–3:

"Total and partial unemployment" means:

(1) An individual shall be deemed totally unemployed in any week in which such individual is separated from employment for an employing unit and during which he performs no services and with respect to which no wages are payable to him.

(2) An individual who has not been separated from employment shall be deemed to be partially unemployed in any week in which due to lack of full time work wages payable to him are less than his weekly benefit amount plus....

"Separated from employment" means, for the purposes of this chapter, the total severance, whether by quitting, discharge or otherwise, of the employer-employee relationship.

*See* Syllabus Point 2, *Pickens v. Kinder, supra.*

*Pickens* was wrong. We overrule Syllabus Points 3 and 4.

■ Our rules of statutory construction require us to give meaning to all provisions in a statutory scheme, if at all possible. We must attempt to apply statutes so that no legislative enactment is meaningless; to read them to harmonize with legislative intent. *Lee-Norse v. Rutledge*, 170 W.Va. 162, 291 S.E.2d 477, 481 (1982); Syllabus Points 1 and 2, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975); Syllabus Point 1, *State ex rel. Holbert v. Robinson*, 134 W.Va. 524, 59 S.E.2d 884 (1950); *State ex rel. Aikens v. Davis*, 131 W.Va. 40, 45 S.E.2d 486, 489 (1947). "It is always presumed that the legislature will not enact a meaningless or useless statute." Syllabus Point 4, *State ex rel. Hardesty v. Aracoma-Chief Logan No. 4523, Veterans of Foreign Wars*, 147 W.Va. 645, 129 S.E.2d 921 (1963). *Accord, State ex rel. Ballard v. Vest*, 136 W.Va. 80, 65 S.E.2d 649, 653 (1947). Finally, "[u]nemployment compensation statutes, being remedial in nature, should be liberally construed to achieve the benign purposes intended to the full extent thereof." Syllabus Point 1, *Gibson v. Rutledge*, 171 W.Va. 164, 298 S.E.2d 137 (1982).

■ If we were wed to *Pickens'* interpretation that statutory total and partial unemployment eligibility requirements bar all strikers from benefits, then W.Va.Code, 21A–6–3(4) would be meaningless.

When a claimant is eligible he gets paid unless he is disqualified by Code, 21A–6–3. Subsection (4) of 21A–6–3 disqualifies a claimant:

(4) For a week in which his *total or partial unemployment* is due to a stoppage of work which exists because of a labor dispute at the factory, establishment or other premises at which he was last employed, unless the commissioner is satisfied that he was not (one) participating, financing, or directly interested in such dispute, and (two) did not belong to a grade or class of workers who were participating, financing, or directly interested in the labor dispute which resulted in the stoppage of work. No disqualification under this subdivision shall be imposed if the employees are required to accept wages, hours or conditions of employment substantially less favorable than those prevailing for similar work in the locality, or if employees are denied the right of collective bargaining under generally prevailing conditions, or if an employer shuts down his plant or operation or dismisses his employees in order to force wage reduction, changes in hours or working conditions. (Emphasis supplied.)

If striking workers cannot be considered totally or partially unemployed per Syllabus Points 3 and 4, *Pickens v. Kinder, supra*, this entire disqualification subsec-

tion is pure surplusage. This cannot be because it exhibits careful legislative drafting to disqualify voluntary strikers, but *clearly permits benefits for strikers compelled to strike because their wages and conditions are substantially less favorable than others in the locality, or because they were denied collective bargaining rights,* or were locked out, or subjected to other unfair employer conduct. *See Gibson v. Rutledge,* 171 W.Va. 164, 298 S.E.2d 137, 140 (1982); *Lee-Norse v. Rutledge, supra.* The legislature, representatives of our citizens, made these public policy decisions about unemployment benefits for striking workers and implemented those decisions in this section. *We cannot read this section out of the act by denying eligibility to all striking workers. Accord, Inter-Island Resorts, Ltd. v. Akahane,* 46 Hawaii 140, 377 P.2d 715, 727 (1962).

Other courts have recognized that the labor dispute section of their unemployment statute necessarily precludes application of other inconsistent provisions. *Inter-Island Resorts, Ltd. v. Akahane,* 46 Haw. 140, 377 P.2d 715 (1962); *Continental Oil Co. v. Board of Labor Appeals,* 178 Mont. 143, 582 P.2d 1236 (1978); *Albuquerque-Phoenix Express v. Employment Security Commission,* 88 N.M. 596, 544 P.2d 1161 (1975).

We overrule Syllabus Points 3, 4 and 5 * of *Pickens v. Kinder, supra,* and remand these cases to the trial court for a determination of whether these claimants are disqualified by W.Va.Code, 21A–6–3(4), or fall within the specifically enumerated exceptions to disqualification in that section. Our disposition of this preliminary issue makes it unnecessary to respond to other matters raised by the parties.

Reversed and remanded.

---

\* Syllabus Point 5 discussed application of the "available for work" eligibility requirement and Code, 21A–6–6 to strikers.