330 S.E.2d 837

**James E. BELT, et al.**

v.

**Phyllis J. RUTLEDGE,
Clerk, etc., et al.**

No. 16333.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 16, 1985.

Decided June 3, 1985.

James B. McIntyre and James M. Haviland, McIntyre, Haviland & Jordan, Charleston, for petitioners.

No appearance for respondents.

PER CURIAM:

This appeal, by way of certiorari,[1] is taken from a final order of the Circuit Court of Kanawha County, entered March 16, 1984, which denied the claims of the petitioners, James E. Belt and other employees of FMC Corporation, for unemployment compensation benefits. The petitioners contend that the circuit court erred in reversing a decision of the Board of Review of the Department of Employment Security which held that the petitioners were not disqualified from receiving benefits under the provisions of the Unemployment Compensation Law, W.Va.Code § 21A–1–1 *et seq.* (1981 Replacement Vol.). We agree, and we reverse the judgment of the circuit court.

The petitioners, members of local unions affiliated with the United Steelworkers of America, were employed by FMC Corporation at three mining equipment plants in Marion and Monongalia Counties under collective bargaining agreements which were due to expire on February 23, 1979. The union and the employer were unable to agree upon a new contract, and on February 24, 1979, the petitioners voted to strike. Picket lines were established at the employer's plants, and the petitioners did not return to work until October 1979.

During the strike, the petitioners applied to the Department of Employment Security for unemployment compensation benefits. The matter was referred to an Appeal Tribunal as a labor dispute, and a full evidentiary hearing was conducted. One of the issues raised was whether the petitioners were disqualified from receiving unemployment compensation benefits under W.Va. Code § 21A–6–3, which provides, in pertinent part:

Upon the determination of the facts by the commissioner, an individual shall be disqualified for benefits:

\* \* \* \* \* \*

(4) For a week in which his total or partial unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment or other premises at which he was last employed, unless the commissioner is satisfied that he was not (one) participating, financing, or directly interested in such dispute, and (two) did not belong to a grade or class of workers who were participating, financing, or directly interested in the labor dispute which resulted in the stoppage of work. No disqualification under this subdivision shall be imposed if the employees are required to accept wages, hours or conditions of employment substantially less favorable than those prevailing for similar work in the locality, or if employees are denied the right of collective bargaining under generally prevailing conditions, or if an employer shuts down his plant or operation or dismisses his employees in order to force a wage reduction, changes in hours or working conditions....

At the hearing, the petitioners did not contest that they had participated in a labor dispute within the meaning of the statute. They asserted, however, that they came within the exceptions to the "striking workers" disqualification in that the employer had refused to agree to pay the prevailing wage for similar work in the same locality and had rejected a union proposal to extend the existing contract for thirty days for the purpose of further negotiations, thus denying the petitioners the right of collective bargaining.

Upon the evidence presented at the hearing, the Appeal Tribunal found that the employer's wage package was not *"substantially"* less favorable than the prevailing wage for similar work. The Appeal Tribunal also found that the union's proposal to extend the existing contract was only an alternative being explored by the federal mediator assisting in the contract negotiations and not a "bona fide offer" to continue working pending further negotiations. Based on these findings of fact the Appeal Tribunal concluded that the peti-

---

1. W.Va.Code § 21A–7–27 (1981 Replacement Vol.) provides that in unemployment compensation cases, an appeal from a decision of the Circuit Court of Kanawha County may be taken to this Court by petition for a writ of certiorari.

tioners did not fall within either of the exceptions to the statutory disqualification and denied the petitioners' claims.

The petitioners appealed this ruling to the Board of Review which set aside the findings and conclusions of the Appeal Tribunal. Based upon its review of the record, the Board of Review held that exhibits produced by the petitioners supported the finding that the employer's offer was substantially less favorable than the prevailing wage for similar work in the locality. The Board of Review further found that the petitioners had in fact offered in good faith to continue working pending further negotiations and that the employer had rejected the proposal. Accordingly, the Board of Review held that the petitioners fell within the exceptions to the striking workers disqualification and ordered the decision of the Appeal Tribunal set aside.

By memorandum order entered March 16, 1984 at the direction of this Court upon remand of the case in *Belt v. Cole,* 172 W.Va. 383, 305 S.E.2d 340 (1983),[2] the circuit court reversed the decision of the Board of Review on the ground that the Board had committed reversible error in substituting its findings of fact for those of the Appeal Tribunal. The court found that the evidence was such that reasonable minds could differ on the inferences to be drawn therefrom and concluded that since the Appeal Tribunal had had the opportunity to hear the evidence and observe the demeanor of the witnesses, its findings were entitled to great weight and could be reversed by the Board only if they were plainly wrong. Accordingly, the circuit court reinstated the ruling of the Appeal Tribunal denying the petitioners' claims.

■ The circuit court's authority to review a decision of the Board of Review was

stated in Syllabus point 1 of *Kisamore v. Rutledge,* 166 W.Va. 675, 276 S.E.2d 821 (1981): "Findings of fact by the Board of Review of the West Virginia Department of Employment Security, in an unemployment compensation case, should not be set aside unless such findings are plainly wrong; however, the plainly wrong doctrine does not apply to conclusions of law by the Board of Review." *See also Copen v. Hix,* 130 W.Va. 343, 43 S.E.2d 382 (1947).

■ This standard is not applicable to the Board of Review. Both *Kisamore* and the provisions of the Unemployment Compensation Law implicitly recognize that the Board of Review has the power to make independent findings of fact upon review of a decision of an Appeal Tribunal. For example, W.Va.Code § 21A–7–4(c) provides that in labor dispute cases the disposition of the claim is not made by a deputy, but rather, "the claim shall be transferred to the board for full hearing and *initial determination by an appeal tribunal.*" (Emphasis added.) *See also* W.Va.Code §§ 21A–7–7, 21A–7–7a. Upon appeal of a decision of an Appeal Tribunal, the Board of Review has the authority to "affirm, *modify,* or reverse and set aside" the decision. (Emphasis added.) W.Va.Code § 21A–7–10. When an appeal is taken to the circuit court from a decision of the Board of Review "the *findings of fact of the board* shall have like weight to that accorded to the findings of fact of a trial chancellor or judge in equity procedure." (Emphasis added.) W.Va. § 21A–7–21.

■ Accordingly, we conclude that the circuit court erred as a matter of law in applying the "plainly wrong" standard to the Board's review of the findings of the Appeal Tribunal and in holding that the Board committed reversible error in substituting its findings for those of the Appeal Tribunal. Moreover, the circuit court erred

---

**2.** The issue in *Belt v. Cole, supra,* was whether the petitioners were ineligible for benefits under W.Va.Code § 21A–6–1(3) by virtue of their participation in a labor dispute. This issue was raised before the Appeal Tribunal and the Board of Review at the same time the disqualification issue was presented. The Appeal Tribunal found the petitioners ineligible, and the Board of Review reversed. On appeal to the circuit

court the employer raised both issues, but the circuit court in its initial order addressed only the question of the petitioners' eligibility. In *Belt v. Cole* we reversed the judgment of the circuit court finding the petitioners ineligible and remanded the case for a determination on the disqualification issue. It was upon remand that the order appealed from in this case was entered.

in not applying the "plainly wrong" standard to its review of the findings of the Board of Review. In its memorandum order the circuit court indicated that there was sufficient evidence to support the Board's findings. Our review of the record confirms this conclusion. Consequently, there was no ground upon which the circuit court could have reversed the decision of the Board of Review.

For the reasons stated herein, we are of the opinion that the circuit court erred in reversing the decision of the Board of Review and in holding the petitioners disqualified from receiving unemployment compensation benefits under W.Va.Code § 21A-6-3(4). The judgment of the Circuit Court of Kanawha County is therefore reversed, and the case is remanded to that court with directions to enter an order affirming the decision of the Board of Review of the Department of Employment Security.

Reversed and remanded with directions.