336 S.E.2d 210

**Gary PENNINGTON, et al.**

v.

**Phyllis J. COLE, Clerk, etc., et al.**

**No. 16225.**

Supreme Court of Appeals of
West Virginia.

Oct. 23, 1985.

---

McIntyre, Haviland & Jordan, James B. McIntyre, James M. Haviland, Charleston, for appellant.

PER CURIAM:

This is an appeal by way of *certiorari*[1] from a final order of the Circuit Court of Kanawha County which affirmed the decision of the Board of Review of the West Virginia Department of Employment Security disqualifying the claimants[2] from receiving unemployment compensation benefits. For the reasons set forth below, we reverse.

This is the second time this case has been before this Court. In *Belt v. Cole,* 172 W.Va. 383, 305 S.E.2d 340 (1983) we held that the claimants were eligible for unemployment compensation benefits even though they were not working because of a labor dispute.[3] We remanded the case, however, for a determination of whether the claimants were disqualified from receiving benefits under *W.Va.Code* 21A–6–3(4) [1984] or whether they fell within an exception under that section which states that one shall be disqualified for benefits:

> For a week in which his total or partial unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment or other premises at which he was last employed, unless the commissioner is satisfied that he was not (one) participating, financing or directly interested in such dispute, and (two) did not belong to a grade or class of workers who were participating, financing or directly interested

---

1. *W.Va.Code* 21A–7–27 [1970], provides that in unemployment compensation cases an appeal from a decision of the Circuit Court of Kanawha County may be taken to this Court by a petition for a writ of certiorari.

2. The claimants involved in this appeal are Gary Pennington, Kendall Kidd, Larry Jenkins and Howell Belcher.

3. When the claimants originally filed for unemployment compensation benefits the Board of Review found them to be both ineligible and disqualified. That ruling was affirmed by the Circuit Court of Kanawha County.

in the labor dispute which resulted in the stoppage of work. *No disqualification under this subdivision shall be imposed if the employees are required to accept wages, hours or conditions of employment substantially less favorable than those prevailing for similar work in the locality,* or if employees are denied the right of collective bargaining under generally prevailing conditions, or if an employer shuts down his plant or operation or dismisses his employees in order to force wage reduction, changes in hours or working conditions. [Emphasis added.]

Upon remand the circuit court found that the claimants had failed to establish the prevailing wage rate as a matter of law and disqualified them from receiving benefits.

The claimants were employed by Hansford Machinery Corporation (hereinafter Hansford) in 1978 when they went on strike for higher wages.[4] Hansford is a small machine shop engaged in the repair and maintenance of mine equipment and is located in Kanawha County, West Virginia.

At a hearing held pursuant to a claim for unemployment compensation benefits, Gary Pennington testified that he worked as a machinist and also did electrical work for which he was paid $45.00 for an eight-and-one-half-hour day ($5.29) per hour.[5] He also testified that claimant Howell Belcher, a mechanic, was paid at the same $45.00 per day rate; and that claimant Leroy Jenkins was a welder who also did mechanical work and was paid $51.00 for an eight-and-one-half-hour day ($6.00 per hour). These wage rates were those effective prior to the strike.

Kendall Kidd, the fourth claimant, testified that Hansford employed him as a welder and mechanic and paid him $57.00 per eight-and-one-half-hour day for his work ($6.70 per hour).

Jack Perry, the President of District 17 of the UMWA, also appeared on the claimants' behalf. Mr. Perry testified that District 17 includes Kanawha County, Fayette County and part of Boone County; that this area is known as the "Kanawha field"; and that many companies in the field have a central shop like Hansford Machinery Corporation.[6]

In connection with Mr. Perry's testimony, the claimants introduced into evidence the *National Bituminous Coal Wage Agreement of 1978.* Mr. Perry testified that the agreement applied to the central shops in the Kanawha field he had mentioned previously and that employees in those shops were making "probably somewhere around $10.00 per hour." Union workers work only seven and one-quarter hours per day. Mr. Perry further testified that employees covered by the agreement would receive a cost-of-living increase for the next contract year.

On the basis of this evidence the Board of Review and the circuit court found that the claimants had failed to prove that they were forced to accept wages substantially less favorable than those prevailing for similar work in the locality.

We held in Syllabus Point 6 of *Davis v. Hix,* 140 W.Va. 398, 84 S.E.2d 404 (1954), that "[u]nemployment compensation statutes, being remedial in nature, should be liberally construed to achieve the benign purposes intended to the full extent thereof." *See Gibson v. Rutledge,* 171 W.Va. 164, 298 S.E.2d 137 (1982); *London v. Board of Review,* 161 W.Va. 575, 244 S.E.2d 331 (1978); *Bennett v. Hix,* 139 W.Va. 75, 79 S.E.2d 114 (1953).

We believe that the claimants' evidence was sufficient to show that they were being paid at a substantially lower rate than

---

**4.** Prior to the strike, the claimants had selected the United Mine Workers of America as their exclusive bargaining agent.

**5.** Mr. Pennington testified that he was paid $45.00 per day or $5.87 per hour. However, $45.00 divided by 8.5 hours equals $5.29 per hour.

**6.** Mr. Perry used as examples of companies in the Kanawha field that have central shops: Cedar Coal Company, Carbon Fuel, Allied Chemical, and Cannelton Industries.

the "prevailing wage" for similar work in the Kanawha field area. We note that the employer presented no evidence to show that the "prevailing rate" was less than the wage Mr. Perry, the claimants' witness, suggested. *W. Va. Code* 21A–6–3(4) [1984] does not require a claimant for benefits to bring in evidence of what every other company of a similar nature in the area pays its employees.

Although agreements such as the *National Bituminous Coal Wage Agreement of 1978,* or other evidence such as prevailing union wages will not be dispositive in determining "prevailing wage" in all cases, absent any attempt to supplement or to refute the claimants' evidence, we must accept the claimants' evidence at face value. We are of the opinion that the claimants have sustained their burden of proof under *W. Va. Code* 21A–6–3(4) [1984] and that the court's ruling to the contrary was in error. Any other conclusion would contravene the beneficent purposes of the Unemployment Compensation Act.

Accordingly, the judgment of the Circuit Court of Kanawha County is reversed.

Reversed.

NEELY and BROTHERTON, JJ., dissent on the grounds that the petitioners did not carry their burden of proof that they were not paid less than the prevailing wage.